IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TOMMY J. GOREE, #97214                                                                    PLAINTIFF

VERSUS                                              CIVIL ACTION NO.  3:15-cv-226-DPJ-FKB

JUDGE ANDREW HOWORTH,
ATTORNEY GENERAL JIM HOOD,
JUDGE LARRY E. ROBERTS,
JUDGE ROBERT W. BAILEY,
PROSECUTOR E.J. "BILBO" MITCHELL,
and CHRISTOPHER EPPS                                                                   DEFENDANTS

ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Tommy Goree is an inmate presently incarcerated in the South Mississippi Correctional Institution, Leakesville, Mississippi.  Goree initially filed this Complaint along with two other inmates seeking to pursue the Complaint as a class action.  *See Stevens v. Howorth*, No. 3:15-cv-151-DPJ-FKB (S.D. Miss. Mar. 25, 2015).  That civil action was dismissed and severed into three separate actions, one of which is the instant case.  *See id.*   The Court in this civil action entered an Order [9] on May 7, 2015, directing Goree to file a new Complaint.  Goree complied on May 27, 2015, by filing his Complaint [14], which was docketed as a Response to the Order.

Goree was further ordered on June 15, 2015, and August 17, 2015, to provide the Court with additional information concerning his claims.  *See* Orders [15, 18].  As directed, Goree complied with the Orders [15, 18] by filing his Responses [16, 19].

Goree filed the instant civil action pursuant to  42 U.S.C. § 1983 against Defendants Judge Andrew Howorth, Attorney General Jim Hood, Judge Robert W. Bailey, Prosecutor E.J. "Bilbo" Mitchell, and Christopher Epps.  Pl.'s Resp. [14] at 1.  Plaintiff added Defendant Judge Larry E. Roberts in his Response [19] filed September 1, 2015, to the Court's Order [18] entered August

17, 2015.  Goree states in the "Relief" portion of his Complaint [14] that he is "seeking parole on my []40[] year[] Habitual Offender § 99-19-81 sentence."  Having considered Goree's pleadings and the relevant case law, the Court finds that this civil action will be dismissed.

I.   Factual Background

Goree states that he was sentenced on or about December 22, 1997, to 40 years as a habitual offender pursuant to Mississippi Code Annotated § 99-19-81 (1972), as amended, for armed robbery.  Pl.'s Resp. [14] at 6.  Goree complains that the indictment was defective because it did not include the language of "against the Peace and dignity of the State of Mississippi."  *Id*.  Additionally, Goree contends that each named Defendant violated his constitutional right under the Fifth Amendment to be free from discrimination when other offenders sentenced as habitual offenders are granted parole and he is not.  Pl.'s Resp. [14] at 6.  Goree states that "at the time of my incarceration and in violation of my (5th Amendment) due process [right] by discrimination that [my] constitutional [rights were] violated by the court [when it] sentenced Plaintiff as [a] habitual offender § 99-19-81."  Pl.'s Resp. [16].

II.  Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis,* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since Goree was granted *in forma pauperis* status by an Order [10] entered on May 7, 2015, § 1915(e)(2) applies to this case.

A. Nature of Claims

As an initial issue, the Court must determine what type of claim Goree pursues. *See Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n.1 (5th Cir. 1987) (finding that federal courts may construe and re-characterize a *pro se* prisoner action "according to the essence of the prisoner's claims, regardless of the label that the prisoner places on his complaint"). The United States Supreme Court has held that a "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). When a state prisoner is challenging the fact or duration of his confinement, his exclusive remedy is a petition for habeas corpus relief. *See Preiser*, 411 U.S. 475 (1973).

Goree states in his Complaint [14] that he was sentenced on or about December 22, 1997, for the crime of armed robbery to 40 years as a habitual offender. The Court entered an Order [18] on August 17, 2015, directing Goree to provide additional information concerning his claims against the named Defendants. In his Response [16], Goree states that he is complaining about being sentenced as a habitual offender.[1] Clearly, Goree's claims against the Defendants Judges Howorth, Judge Roberts, Judge Bailey, Hood, Mitchell, and Epps concern his sentence and therefore, the nature of this civil action is habeas. Goree's sole remedy concerning his sentence is through a petition for habeas relief. *Preiser*, 411 U.S. at 489; *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983). The Complaint therefore fails to state a claim under § 1983.

The Court further finds that Goree has previously filed a petition for habeas relief in *Goree v. United States District Court*, Civ. Action No. 4:04-cv-113 (S.D. Miss. May 16, 2005). Because Goree must receive authorization from the Fifth Circuit to file a successive habeas

---

[1]Because Goree was sentenced as a habitual offender pursuant to Mississippi Code Annotated § 99-19-81, he is not eligible for parole or probation.

3

petition, *see* 28 U.S.C. § 2244(b)(3)(A), and Goree does not establish that he has received such authorization, this Complaint will not be liberally construed as a Petition for habeas corpus relief.

      B.      Defendants Judge Howorth, Judge Roberts, and Judge Bailey

Furthermore, even if this civil action did not challenge Goree's sentence, Defendants Judge Howorth, Judge Roberts, and Judge Bailey are immune from liability in civil actions for their judicial acts. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the complete absence of all jurisdiction. *Id.* at 356–57; *see also Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Judicial immunity for judges includes § 1983 civil actions seeking injunctive relief. *See* 42 U.S.C. § 1983 (providing in part, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable").

The United States Court of Appeals for the Fifth Circuit has developed a four-factor test to use in determining whether a judge acted within the scope of his judicial capacity. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). The four factors are

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Id.* Applying the four *Ballard* factors to this case, it is clear that Defendants Judge Howorth, Judge Roberts, and Judge Bailey are entitled to judicial immunity. *Id.*

The Court has liberally construed all of the allegations contained in the Complaint [14], which is docketed as a Response, and Responses [16, 19], and finds that Plaintiff is challenging sentencing decisions by Defendants' Judge Howorth, Judge Roberts, and Judge Bailey under the Mississippi habitual offender statute.  Defendants Howorth's, Roberts's, and Bailey's actions clearly fell well within the normal judicial function, and there is no indication that their actions occurred outside the courtroom, chambers/office, or other appropriate space, or were in any way non-judicial in nature. *See* Pl.'s Resp. [19] at 1-2.  Consequently, Plaintiff cannot maintain this civil action against Defendants Judge Howorth, Judge Roberts, and Judge Bailey, as they are judicially immune.

C.   Mandamus Relief

To the extent Goree is asking this Court to direct the Defendants Judge Howorth, Judge Roberts, Judge Bailey, as judges, and Hood and Mitchell, as prosecutors, in the performance of their judicial duties, he is seeking mandamus relief.  A petitioner "seeking to have the federal court direct the state court to perform its duties as he wishes" is properly construed as a petition for writ of mandamus.  *Rhodes v. Keller*, 77 F. App'x 261, 261 (5th Cir. 2003);  *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275–76 (5th Cir. 1973) (deciding that district court properly construed motion to direct state court activities as petition for writ of mandamus).

"[F]ederal courts have no authority to direct state courts or their judicial officers in the performance of their duties."  *LaBranche v. Becnel*, 559 F. App'x 290, 290 (5th Cir. 2014) (citing *Moye*, 474 F.2d at 1276); *see also Noble v. Cain*, 123 F. App'x 151, 152 (5th Cir. 2005) (mandamus relief is not available to federal courts to direct state officials in the performance of their duties and functions).  Goree is not entitled to mandamus relief in the form of an order

5

directing a state trial judge or state prosecutors to perform specific duties related to his criminal case.

III.   Conclusion

The Court has determined that the substance of Goree's claims should be pursued through a habeas petition, and because he does not have authorization from the Fifth Circuit to file a successive habeas, this civil action will be dismissed without prejudice.  Additionally, Goree's claims against Defendants Judge Howorth, Judge Roberts, and Judge Bailey are dismissed with prejudice because they are immune from liability.  Finally, to the extent Plaintiff is seeking that a mandamus be issued, such a request is denied.

A separate final judgment will be entered in this action in accordance with Federal Rules of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 23rd day of February, 2016.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE